Filed 7/2/26  P. v. Collins CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ERIC COLLINS,<br><br>      Defendant and Appellant. | B343639<br><br>(Los Angeles County<br>Super. Ct. No.<br>TA063812 |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Eric Collins (Collins) broke into a woman's home, pointed a shotgun at her and her baby, forced her to orally copulate him, and then stole jewelry and money. In 2002, Collins was convicted of first degree burglary (Pen. Code, § 459),[1] first degree robbery (§ 211), forcible oral copulation (§ 288a, subd. (c)(2)), two counts of assault with a firearm (§ 245, subd. (a)(2)), and assault with a deadly weapon (§ 245, subd. (a)(1)). He was sentenced to serve 57 years to life in prison.

In 2024, the trial court recalled Collins's sentence pursuant to section 1172.75, struck two one-year prior prison term enhancements (former § 667.5, subd. (b)), stayed a five-year serious felony enhancement (§ 667, subd. (a)), and resentenced Collins to 50 years to life.

On appeal from his resentencing, Collins contends that the trial court abused its discretion in denying his motion under section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to dismiss the prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12). He also contends that the court erred in imposing a restitution fine and calculating his custody credits. We remand with instructions to vacate the restitution fine and correct the custody credits. We otherwise affirm the court's order.

---

[1] All statutory references are to the Penal Code.

## BACKGROUND

### I. Facts[2]

After her husband left for work on the morning of January 18, 2002, G.G.[3] locked the door to her home and went into her bedroom to feed her three-month-old son. G.G.'s older daughters were asleep in another bedroom.

About 15 minutes later, G.G. heard a door open and thought that her husband had returned. When she went to the kitchen, she was confronted with an intruder, later identified as Collins. Collins obtained a sharp knife from a drawer and pointed the blade at G.G.'s chest. At Collins's direction, G.G. retreated to her bedroom. Collins told her to disconnect her telephone and sit on the bed with her baby.

While holding the knife toward G.G., Collins searched the nightstand drawers and found shotgun bullets. He then retrieved a shotgun from the closet and placed a bullet in it. He dropped the knife and aimed the shotgun at G.G., demanding money. She told him she had none.

Collins ordered G.G. off the bed and told her to sit in the corner while he took some rings and chains from a hallway closet. He then ordered G.G. to put her baby on the bed and kneel on the floor. Collins unzipped his pants and removed his penis. When G.G. told him "no," he aimed the shotgun at her baby as if he was going to shoot him. Collins put his penis in G.G.'s mouth six or seven times.

---

[2]   We draw these facts from Collins's prior appeal. (*People v. Collins* (Aug. 19, 2003, B160440) [nonpub. opn.] (*Collins*).)

[3]   Per California Rules of Court, rule 8.90(b)(4), we use the victim's initials to protect her personal privacy interest.

3

Collins again ordered G.G. out of the bedroom and into the hallway. He searched a dresser, taking jewelry belonging to G.G.'s husband. He found and took some money in a diaper bag. Collins ordered G.G. into the bathroom and told her to remain there until he left.

## II. Procedural History

### A. *Conviction and sentencing*

Collins was charged with first degree burglary (§ 459; count 1), first degree robbery (§ 211; count 2), forcible oral copulation (§ 288a, subd. (c)(2); count 3), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 4 & 5), and assault with a deadly weapon (§ 245, subd. (a)(1); count 6). The information alleged various enhancements.

Collins proceeded to trial and took the stand in his own defense. Collins admitted that he was a robber and burglar by trade. He admitted that he broke into G.G.'s house, threatened G.G. with a sharp knife, and stole money and a shotgun. He further admitted to having committed two residential burglaries the next day and that he had been previously convicted of robbery in 1985 and burglary in 1992 and 1994. Collins denied pointing the shotgun at G.G.'s baby or having sexual contact with her.

The jury convicted Collins on all counts. The jury found true that, as to counts 2 and 3, Collins personally used a firearm (§ 12022.53, subd. (b)) and, as to count 3, he committed the crime during a burglary (§ 667.61). The trial court found true that Collins had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12), one prior serious felony (§ 667, subd. (a)(1)), and two prior prison terms (former § 667.5, subd. (b)).

4

The trial court sentenced Collins to a total of 57 years to life in state prison. The court also imposed and suspended a $10,000 restitution fine. (§§ 1202.4, subd. (b), 1202.45.)

The judgment was affirmed on direct appeal. (*Collins*, *supra*, B160440.)

### B. *Section 1172.75 proceedings*

In 2022, Collins became eligible for resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.) and section 1172.75. Collins moved to dismiss the prior prison term enhancements, the prior serious felony enhancement, and the strike conviction.

On November 19, 2024, the trial court recalled Collins's sentence. The court struck the two one-year prior prison term enhancements and the five-year term for the prior serious felony. However, the court declined to dismiss the prior strike conviction. The court resentenced Collins to a total of 50 years to life and gave him credit for 8,177 actual days in custody. The court did not reimpose the restitution fine. The abstract of judgment, however, reimposes and suspends the $10,000 restitution fine.

Collins filed a timely notice of appeal from his resentencing.

## DISCUSSION

### I. The *Romero* Motion

Collins first contends that the trial court abused its discretion in denying his motion to dismiss his strike conviction under section 1385, subdivision (a), and *Romero*.

Section 1385, subdivision (a), gives a trial court the discretion to dismiss an "action" in the furtherance of justice. Under that section, a court may grant a defendant's motion to strike prior felony conviction allegations brought under the

"Three Strikes" law. (*Romero, supra*, 13 Cal.4th at pp. 529–530.) In assessing a *Romero* motion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) "Abuse of discretion in failing to strike a prior conviction occurs in limited circumstances: where the trial court is not aware of its discretion; where the trial court considers impermissible factors; or where applying the Three Strikes law would produce an arbitrary, capricious, or patently absurd result under the specific facts of a particular case." (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029 (*Dryden*).)

The trial court acknowledged that it had discretion to dismiss the strike. However, the court denied the *Romero* motion, focusing on the nature and circumstances of Collins's offenses of conviction. In particular, the court focused on the devastating impact of Collins's crimes on G.G. and her child. The court considered "the entire file," which necessarily included the details of Collins's background and criminal history. The court also considered Collins's arguments concerning his record in prison. The court concluded that Collins was not entitled to "an alternate sentencing scheme" because "[his] sentencing scheme was exactly what the legislature had in mind when they enacted it in the first place."

6

Under these circumstances, we cannot conclude that the "specific facts" of Collins's case render application of the Three Strikes law "arbitrary, capricious, or patently absurd." (*Dryden*, *supra*, 60 Cal.App.5th at p. 1029; see also *Carmony*, *supra*, 33 Cal.4th at p. 378 [" '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling' "].) Therefore, we affirm the trial court's order denying the *Romero* motion.

## II. Restitution Fine

Collins contends, and the People concede, that the abstract of judgment erroneously includes a restitution fine. Section 1465.9, subdivision (d), provides that "[u]pon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (§ 1465.9, subd. (d).)

In fact, the trial court did not reimpose the restitution fine, so this appears to have been a clerical error. Therefore, we remand so the court may correct the abstract of judgment.

## III. Custody Credits

Collins contends, and the People again concede, that the trial court incorrectly calculated his custody credits.

Collins's resentencing hearing was held on November 19, 2024. At the hearing, Collins's counsel incorrectly informed the trial court that Collins was originally sentenced on July 2, 2002. As a result, the court awarded 8,177 days of custody credit. In fact, Collins had been sentenced on July 18, 2002. Therefore, Collins is only entitled to 8,161 days of postsentencing custody

credit. Collins's counsel also neglected to inform the trial court that Collins was entitled to 209 days of presentence custody credit.

Based upon the foregoing, we remand so the trial court may correct the abstract of judgment to order 8,370 days of custody credit.

## DISPOSITION

The matter is remanded for the trial court to correct the number of custody credits, vacate the restitution fine, prepare an amended abstract of judgment, and forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation. The court's November 19, 2024, order is otherwise affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

GOORVITCH, J.

We concur:

CHAVEZ, Acting P. J.

RICHARDSON, J.

8